No. 39,748

ANNA C. ANDERSON and JO ANN BREWER, *Appellees,* v. L. W. REX-ROAD and J. M. REXROAD, a Co-partnership doing business as L. W. REXROAD AND SON, *Appellants.*

(284 P. 2d 599)

Opinion filed June 11, 1955.

*James P. Mize,* of Salina, argued the cause, and *C. L. Clark* and *Thomas M. Lillard, Jr.,* both of Salina, were with him on the briefs for the appellants.

*Drew Hartnett,* of Salina, argued the cause, and *L. O. Bengston,* of Salina, was with him on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This case was here before, 175 Kan. 676, the appeal being by the plaintiffs from an order of the court sustaining defendants' demurrer to plaintiffs' petition. At that time the court analyzed the contract sued upon, considered every point presented by counsel, and held the petition did state a cause of action and reversed the judgment of the trial court. After our mandate went down to the district court the defendants filed an answer as follows:

"(1) Defendants admit the allegations of paragraphs I, III, VI, IX and X of said petition; admit L. W. Rexroad and Jay M. Rexroad at all times material herein have been partners doing business as L. W. Rexroad and Son, admit that under date of August 1, 1951, the City of Assaria, Kansas, and these defendants entered into the written contract, copy of which is attached as Exhibit 'A' to said petition; admit that on February 2, 1952, a house located on lots 1, 3 and 5 on First Street in said city was damaged by fire when a natural gas pipe line was severed and the gas escaped therefrom and ignited; admit that said natural gas pipe line was severed by a bulldozer owned by the defendants while said bulldozer was being operated by one Harry Miller; aver that said natural gas pipe line was owned and operated under franchise by The Kansas Power and Light Company, a public utility corporation, engaged in the business of supplying, transporting and selling natural gas to citizens of said city; aver that said natural gas pipe line was located within the limits of the work, i. e. within the area to be excavated for the street improvement work; aver that neither the defendants nor the said Harry Miller had any knowledge or notice whatever said natural gas pipe line was in said location before said pipe line was severed, it being buried underneath the surface of the ground with no surface indications whatever of its presence; but these defendants deny generally and specifically each and every other allegation contained in said petition.

"(2) Defendants specifically deny that the said Harry Miller was employed by these defendants for the purpose of removing, severing or in anywise disturbing said natural gas pipe line or any part thereof; specifically deny that such removal, severance or disturbance of such pipe line was within the scope of the employment of the said Harry Miller by these defendants; specifically deny that such removal, severance or disturbance of such pipe line was in furtherance of any work or duty required of these defendants by the terms of said contract. On the contrary, these defendants aver that the following paragraph of Section 8 of the specifications of said contract is expressly and specifically applicable to the natural gas pipe line in question, to-wit:

"'1. General. The Contractor shall remove, relocate, reconstruct or work around the obstructions as shown on the plans or as encountered during construction excepting privately owned fences on public property and privately owned or corporately owned utilities operated under franchises, which will be removed or relocated by others. . . .'

Said provision expressly provides these defendants shall not be required to work around any such natural gas pipe lines, as the pipe line mentioned in plaintiffs' petition, and that all such lines will be removed and relocated by 'Others' from the limits or area of the work required by the contract.

"(3) Further answering, these defendants state that the fire damages complained of in plaintiffs' petition did not arise from the nature of any work required to be done by these defendants under the terms of said contract; that such damages were not the natural results of any work required to be done by these defendants under the terms of said contract, nor the foreseeable results of such required work; that such damages would not have occurred at all and could not have been possible if the provisions of the contract requiring such pipe line to be removed and relocated by 'Others' had been performed; and that

such damages were directly and proximately caused by such failure of performance and by the negligence and carelessness of the Kansas Power and Light Company and the class of persons referred to as 'Others' in said contract, as hereinafter more particularly alleged. Therefore, these defendants aver that said fire damages were not such damages as were within the contemplation of the contracting parties at the time said contract was made; were not such damages as the contracting parties then contemplated might probably occur from the performance or non-performance of any obligation imposed by said contract upon these defendants; were not such damages as the contracting parties contemplated could or might result from the work to be performed by these defendants under said contract; and were not such damages for which the contracting parties either contemplated or intended these defendants would be liable.

"(4) Further answering, these defendants state that prior to the doing of any excavating work with said bulldozer, these defendants gave the Kansas Power and Light Company specific notice what excavating work was required to be done and the scheduled time allowed for performance by the terms of the contract, and these defendants thereupon requested The Kansas Power and Light Company to advise these defendants of the locations of all of the natural gas pipe lines of said utility company within the area of the improvement work; that in response to said notices and request, The Kansas Power and Light Company negligently and carelessly furnished to these defendants a map purporting to show the locations of all the gas pipe lines of said utility company within the area of the improvement work but which said map fails completely to show the location of or to give any notice of the existence of the particular gas pipe line which was severed as aforesaid; that said utility company negligently and carelessly failed to give these defendants any notice whatever in any other manner of the location of said gas pipe line severed as aforesaid; and that said negligence and carelessness of The Kansas Power and Light Company and of third parties referred to as 'Others' in the aforesaid contractual provisions, who failed and neglected to remove and relocate said gas pipe line severed as aforesaid, directly and proximately caused the damages complained of in plaintiffs' petition."

A further paragraph alleged that if plaintiffs were damaged they had no legal interest in the action because they had collected insurance.

To this answer plaintiffs filed a motion to strike paragraphs 2, 3 and 4 because the question of liability had been determined in our former opinion, and alleged that plaintiffs' cause of action is upon contract, and that defendants' allegations in said paragraph are based upon tort, and such do not constitute a defense upon which evidence can be introduced; that said allegations are redundant, irrelevant and immaterial and calculated to prejudice the plaintiffs' rights upon the trial.

The court sustained the motion to strike, and defendants have ap-

pealed. Assuming, without deciding, that the motion to strike is tantamount to a demurrer and that the ruling is appealable, we think the ruling is correct.

Under the general clause of the contract dealing with the responsibility of the contractor, clause 10 (a) provides:

"All losses or damages arising from the nature of the work to be done, from the action of the elements, or from unforeseen circumstances, or difficulties, shall be sustained by the contractor; . . ."

and under the same clause (t) it provides:

"The contractor shall be liable for all damages to buildings, structures, trees, shrubbery, or other property located outside the construction limits . . ."

So, the defenses attempted to be pleaded by these paragraphs of the answer do not constitute a defense to the action. More than that, Kansas Power and Light Company is not a party to this action and any complaint which defendants have against that company cannot be litigated in this case.

The result is that the judgment of the trial court should be affirmed. It is so ordered.